(134 So. 813)

## I. M. ROGERS v. STATE.

### 8 Div. 237.

Court of Appeals of Alabama.
Feb. 10, 1931.

Rehearing Stricken March 17, 1931.

RICE, J.
Affirmed.

(133 So. 311)

## PINNINGTON v. STATE.

### 7 Div. 740.

Court of Appeals of Alabama.
March 17, 1931.

J. A. Johnson and J. V. Curtis, both of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

State's witnesses, who were deputy sheriffs, saw this defendant and another boy behind some bushes in the woods and about 75 yards away drink something from a vessel of some kind. The two boys then came up to where the deputies were and one of the deputies swore he smelled whisky on defendant; the other said he did not. One of the boys had some whisky in his possession, but both of the deputies said defendant was searched and had none. The only grounds for a conviction of this defendant then was that he possessed whisky when he had the vessel in his hand taking a drink of something and the testimony of one witness that when defendant was arrested witness smelled whisky on him. There was no evidence that whatever the officer saw defendant drink 75 yards away was whisky, and, while the smell of whisky on defendant's breath may be some evidence that he had taken a drink of whisky at some time in the recent past, a conviction for unlawfully possessing whisky must be based upon evidence of time and place. Moreover, the state's witness did not qualify as to a knowledge of the smell of whisky, and for that reason the testimony that witnesses smelled whisky on defendant should have been excluded.

The motion of defendant to discharge the defendant should have been granted.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.